IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LAKISHA SHORT,                              :
                                           :
            Plaintiff,                      :
                                           :
      v.                                    : Civil Action No. 08-106-JJF
                                           :
COMMISSIONER CARL DANBERG,                  :
DEPUTY COMMISSIONER THOMAS                  :
CARROLL, WARDEN PATRICK RYAN,              :
COLLEEN SHOTZBERGER, and CMS,              :
                                           :
            Defendants.                     :

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Request For Counsel
and Motion For Extension Of Time.  (D.I. 22, 23.)

## I.   BACKGROUND

Plaintiff Lakisha Short ("Plaintiff"), who appears pro se,
is an inmate at the Delores J. Baylor Women's Correctional
Institution.  She filed this civil rights action pursuant to 42
U.S.C. § 1983 for violations of constitutional rights.  Her
original Complaint was dismissed without prejudice and she was
given leave to amend as to the issues of discrimination against
Warden Patrick Ryan and Colleen Shotzberger and medical needs
against CMS.  (D.I. 21.)  The deadline for filing the Amended
Complaint is November 20, 2008.

## II.  REQUEST FOR COUNSEL

Plaintiff requests counsel on the bases that she is unable
to afford counsel, her imprisonment greatly limits her ability to
litigate, the issues in the case are complex, she has limited law

library access and knowledge of the law, and counsel will better enable Plaintiff to present her case at trial.

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Nonetheless, district courts have statutory authority to appoint counsel for indigent civil litigants at any time during the litigation. 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"); Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002). Section 1915(e)(1) affords district courts broad discretion in determining whether appointment of counsel in a civil case is appropriate. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).

When evaluating a motion for the appointment of counsel filed by a pro se plaintiff, initially, the Court must examine the merits of the plaintiff's claim to determine whether it has some arguable merit in fact and law. See Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 157). If the case has arguable merit in law and fact the Court should proceed to consider (1) Plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to

turn on credibility determinations; and (6) whether the case will require testimony of expert witnesses. Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-56, 157 n.5). The list of factors is not exhaustive.

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Plaintiff's claim has arguable merit. Moreover, Plaintiff appears to have the ability to present her claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the Court will deny without prejudice the Request For Counsel. (D.I. 22.)

### III. **MOTION FOR EXTENSION OF TIME**

Plaintiff requests additional time to file an Amended Complaint. The Court will grant the Motion. (D.I. 23.)

### IV. **CONCLUSION**

IT IS THEREFORE ORDERED that:

1. Plaintiff's Request For Counsel (D.I. 22) is **DENIED** without prejudice.

2. Plaintiff's Motion For Extension Of Time is **GRANTED**. Plaintiff shall file an Amended Complaint within **thirty (30) days** from the date of this Order. If an Amended Complaint is not

-3-

filed within the time allowed, then the case will be **CLOSED**.
There will be no further extensions.

11-20-08
DATE

UNITED STATES DISTRICT JUDGE

-4-